# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VIGGIE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-187 CAS |
| | ) | |
| FIKES TRUCK LINES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following transfer to the undersigned. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2010).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The Complaint alleges that plaintiff is a "resident" of Greenville, South Carolina, and defendant Darwin Nightingale is a "resident" of Jay, Oklahoma. It further alleges that defendant Fikes Truck Line, LLC, d/b/a Fikes Truck Lines Missouri, LLC, is a Delaware limited liability company with its principal place of business in Arkansas. These

allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

The Complaint alleges that the plaintiff is a resident of South Carolina but does not allege facts concerning her citizenship. The Complaint similarly alleges that defendant Darwin Nightingale is a resident of Oklahoma but does not allege facts concerning his citizenship. "A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship." 15 Moore's Federal Practice § 102.31; see Sanders, 823 F.2d at 215 n.1.

In addition, plaintiff apparently assumes that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. See 28 U.S.C. §§ 1332(a), (c)(1); Sanders, 823 F.2d at 215 n.1. That is incorrect. The Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Thus, for defendant Fikes Truck Line, LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of Fikes Truck Line, LLC or their citizenship.

The Court will grant plaintiff twenty-one (21) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by **March 21, 2011**, plaintiff shall file an amended complaint which shall allege facts establishing her citizenship and that of defendants Fikes Truck Line, LLC and Darwin Nightingale.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __28th__ day of February, 2011.